IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

PHILLIP DEWAYNE STEWART                                                        PETITIONER

v.                                    4:22-cv-00037-BRW-JJV

DEXTER PAYNE                                                                   RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Billy Roy Wilson. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

### DISPOSITION

**I.     INTRODUCTION**

Petitioner Phillip Dewayne Stewart brings this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 *pro se*. (Doc. No. 1.) He challenges his convictions for speeding and fleeing, which he says he received after pleading guilty on March 21, 2001, in the District Court of Jacksonville, Arkansas. (*Id*. at 1.) He says he was sentenced to one day's jail time and an $800 fine. (*Id*.) Mr. Stewart claims his Sixth Amendment right to counsel was violated by the court's failure to appoint a lawyer for him, there was prosecutorial misconduct, his guilty plea was involuntary, he did not receive a fair and impartial trial, and he was subjected to double jeopardy.

(*Id*. at 5-26.) For relief, he asks that the Court "void conviction and give me all the relief that is [due] me." (*Id*. at 16.)

I have conducted a preliminary review of Mr. Stewart's Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Based on that review, I recommend the Petition for Writ of Habeas Corpus be dismissed.

## II. ANALYSIS

### A. "In Custody" Requirement

"The first showing a § 2254 petitioner must make is that he is 'in custody pursuant to the judgment of a State court.'" *Lackawanna Cty. Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001). The writ of habeas corpus functions to grant relief from unlawful custody or imprisonment. *Campillo v. Sullivan*, 853 F.2d 593, 595 (8th Cir. 1988). Absent custody by the authority against whom relief is sought, jurisdiction usually will not lie to grant the writ. *Id*. (citing 28 U.S.C. § 2241(c)). In short, "[a] person must be in custody under the conviction or sentence attacked at the time of filing." *Weaver v. Pung*, 925 F.2d 1097, 1099 (8th Cir. 1991).

Mr. Stewart is not in custody. (Doc. No. 2.) Although he was recently incarcerated in the Arkansas Division of Correction,[1] he was apparently serving a 2012 sentence from the Circuit Court of Pulaski County, Arkansas. *See Stewart v. Ark. Dep't of Correction*, Case No. 4:21-cv-00925-LPR (E.D. Ark. Dec. 10, 2021), at Doc. No. 3. He was most certainly not still serving the one-day sentence he received twenty-one years ago, which he challenges in this case. Because Mr. Stewart is no longer in custody on that sentence, and was not when the Petition was filed, this Court lacks subject-matter jurisdiction.

---

[1] According to Mr. Stewart's Notice of Change of Address, he was released from the Arkansas Division of Correction on January 10, 2022. (Doc. No. 2.) His Petition for Writ of Habeas Corpus was file-marked on January 12, 2022. (Doc. No. 1.)

**B.      Time Bar**

Additionally, Mr. Stewart's Petition is untimely based on the one-year period of limitation imposed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Title 28 U.S.C. § 2244(d)(1) and (2) set forth a one-year period of limitation for habeas corpus petitions:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Mr. Stewart indicates he did not file a direct appeal or seek any other review after pleading guilty, and I can find no record that he did. (Doc. No. 1 at 10.) Therefore, under § 2244(d)(1)(A), the limitation period began to run thirty days after the judgment was entered. *See* Ark. R. App. Proc.-Crim. 2(a)(1) (notice of appeal must be filed within thirty days from date of entry of judgment). My review of state court records does not reveal any applications for post-conviction or other collateral review that would have tolled the time under § 2244(d)(2). Moreover, a careful review of the Petition fails to show any support for equitable tolling. Equitable tolling is only

3

appropriate when a petitioner shows (1) he has been pursuing his rights diligently and (2) some extraordinary circumstance stood in the way of his filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Mr. Stewart has not made either showing. Therefore, Mr. Stewart's Petition, filed almost twenty-one years after the commencement of the one-year limitation period, is time-barred.

Under Rule 4 of the Rules Governing Section 2254 Cases, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Because it plainly appears that Mr. Stewart is not entitled to relief, dismissal is appropriate.

### III.   CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). No such showing has been made here, and no certificate of appealability should issue.

### IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.   The Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED and the requested relief be DENIED.

2.   No certificate of appealability be issued.

DATED this 15th day of February 2022.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE